IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

RAKESH WAHI, M.D.,

    Plaintiff,

vs.                                                        Civil Action No. 2:04-0019
                                                        (Judge Goodwin)

CHARLESTON AREA MEDICAL CENTER,
a West Virginia Corporation, JOHN L. CHAPMAN,
and GLENN CROTTY

    Defendants.

## GLENN CROTTY, M.D.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Fed. R. Civ. P., Glenn Crotty, M.D. ("Dr. Crotty") moves the Court for the entry of an Order granting him summary judgment. In support of this motion, Dr. Crotty states as follows:

1. There is no genuine issue of any material fact as it relates to any of the counts in plaintiff's First Amended Complaint against Dr. Crotty and the undisputable facts demonstrate that plaintiff is precluded from recovering from Dr. Crotty for any of the counts as alleged in plaintiff's First Amended Complaint.

2. Dr. Crotty was, at all times pertinent to this matter, acting pursuant to the authority vested in him by Charleston Area Medical Center, Inc. ("CAMC"), its Board of Trustees and CAMC's Medical Staff Governing Documents. Pursuant to that authority he appointed several duly constituted peer review committees and charged them with investigating the medical practices of Dr. Wahi.

3. All of the acts as alleged in the First Amended Complaint were committed and/or performed as the duly authorized officer of CAMC charged with peer review duties, responsibilities and authorities.[1]

4. Accordingly, Dr. Crotty is immunized from civil liability under both the Federal Health Care Quality Improvement Act and West Virginia's Peer Review Statute. (See 42 U.S.C. 1110, et seq. W.Va. Code § 30-3C-1.)

5. When all of the facts are taken in a light most favorable to plaintiff, those facts reveal that Dr. Crotty's actions were taken with the reasonable belief that he was acting in the furtherance of quality healthcare. They were taken after a reasonable effort to obtain the facts relating to Dr. Wahi's care. They were taken after Dr. Wahi was provided notice, given the opportunity to appear at a peer review hearing, and in fact, participated in the peer review process. Dr. Crotty's acts and recommendations were warranted by the facts after a reasonable effort to obtain those facts.

6. Dr. Crotty had no ability to restrict Dr. Wahi's privileges at CAMC or any other facility. The ability to grant, deny, or restrict privileges at CAMC rests solely with CAMC's Board of Trustees who can accept, reject, or modify the recommendation of any group or committee relative to the application or continuation of privileges of any member of the medical staff.

7. Dr. Crotty has no control whatsoever over any healthcare organization that applies for a Certificate of Need for the provision of cardiovascular surgery services or, for that matter, any medical service. Rather, the right to grant or deny certificates of need rests exclusively within the control and authority of West Virginia's Health Care Authority.

---

[1] Dr. Crotty is only a named defendant in Counts I and II of Plaintiff's First Amended Complaint.

2

8. Under all these circumstances, Dr. Crotty not only did not, but could not, act in any manner consistent with the allegations as alleged in plaintiff's First Amended Complaint.

WHEREFORE, Dr. Crotty respectfully requests the Court to enter an Order granting him summary judgment, awarding him attorney's fees and costs pursuant to state and federal law, and granting him such other and further relief as may be appropriate under the circumstances.

GLENN CROTTY, M.D.

By Counsel

s/ Nathaniel K. Tawney
Richard D. Jones, Esq. (WVSB #1927)
Nathaniel K. Tawney, Esq. (WVSB #8768)
Flaherty Sensabaugh & Bonasso PLLC
P.O. Box 3843
Charleston, WV 25338
304-347-4211

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

RAKESH WAHI, M.D.,

        Plaintiff,

vs.                                               Civil Action No. 2:04-0019
                                                    (Judge Goodwin)

CHARLESTON AREA MEDICAL CENTER,
a West Virginia Corporation, JOHN L. CHAPMAN,
and GLENN CROTTY

        Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2005, I electronically filed the foregoing *Glenn Crotty, M.D.'s Motion for Summary Judgment* and *Memorandum in Support* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

                        John C. Yoder, Esquire
                        Post Office Box 940
                        Harpers Ferry, West Virginia 25425
                        *Counsel for Plaintiff*

                        Thomas J. Hurney, Esquire
                        Jackson & Kelly, PLLC
                        1600 Laidley Tower
                        P.O. Box 553
                        Charleston, West Virginia 25338-3843
                        *Counsel for Kee C. Lee, M.D., Andrew Vaughn, M.D. and*
                          *Humayun Rashid, M.D.*

     I further certify that I have served *Glenn Crotty, M.D.'s Motion for Summary Judgment* and *Memorandum in Support* upon the following:

John C. Yoder, Esquire
Yoder Law Offices
433 Prospect Ave.
Bolivar Heights
Harpers Ferry, WV 25425
*Counsel for Plaintiff*
***Via Overnight Express Mail***

Thomas J. Hurney, Esquire
Jackson & Kelly, PLLC
1600 Laidley Tower
P.O. Box 553
Charleston, West Virginia 25338-3843
*Counsel for Kee C. Lee, M.D., Andrew Vaughn, M.D. and Humayun Rashid, M.D.*
***Via Hand Delivery***

s/ Nathaniel K. Tawney
Richard D. Jones, Esquire (WVSB #1927)
David S. Givens (WVSB #6319)
Nathaniel K. Tawney (WVSB #8768)
Tricia R. Herzfeld, Esquire (WVSB #9825)

Flaherty, Sensabaugh & Bonasso, PLLC
200 Capitol Street
P. O. Box 3843
Charleston, WV   25338-3843
(304) 345-0200

-2-